UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81964-AMC

INTREPID OCEANS MARINE, LLC,

        Plaintiff,

vs.

JMS NAVAL ARCHITETS, LLC,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON MOTION TO REMAND [ECF 10]**

The parties contracted for Defendant to design a barge for Plaintiff. The document memorializing the agreement ("the Proposal") contained the following provision:

> 12. <u>Claims and Dispute Resolution</u>. JMS and IOM consent to the jurisdiction of the State of Florida in the Fifteenth Judicial Circuit Court, Palm Beach County for purposes of resolving disputes relating to the Proposal.

ECF No. 10 at 19. Plaintiff sued Defendant in November 2022 in Palm Beach Circuit Court for breach of contract and professional malpractice. ECF No. 1-1. at 6- On December 21, 2022, Defendant removed the case, invoking this Court's diversity jurisdiction. ECF No. 1. Plaintiff now moves to remand the case back to state court. ECF No. 10.

Judge Cannon referred these motions to me for a Report and Recommendation. ECF No. 14. I have reviewed the Motion and the Response. No Reply was filed. I am

fully advised and the matter is ripe for decision.  For the following reasons, the Motion to Remand should be DENIED.

## DISCUSSION

Plaintiff argues this case must be remanded to state court because Paragraph 12 of the Proposal is a mandatory forum selection clause. ECF No. 10. Defendant responds that Paragraph 12 is, at best, a permissive forum selection clause that does not prohibit removal. ECF No. 11.  On a motion to remand, the removing party bears the burden of showing that the case is properly in federal court. *See, e.g., Conn. State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1343 (11th Cir. 2009).

A forum selection clause can be permissive or mandatory.  A permissive clause says, "You can sue me there if you want."  It is akin to a waiver of personal jurisdiction.  A mandatory clause says, "You must sue me there."  As the Eleventh Circuit as explained:

> [C]ourts frequently classify forum selection clauses as either permissive or mandatory. A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, "dictates an exclusive forum for litigation under the contract."  Furthermore,  a forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court. This circuit has held that the determination of whether such a clause constitutes a waiver, in the context of removal based solely on diversity jurisdiction, is to be determined according to ordinary contract principles.

*Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting *Snapper, Inc. v. Redan,* 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)).

Contract interpretation begins with the plain language of the agreement. *E.g., Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1252 (S.D. Fla. 2017) (J.

Marra) (citing *Royal Oak Landing Homeowner's Ass'n, Inc. v. Pelletier*, 620 So. 2d 786, 788 (Fla. Dist. Ct. App. 1993)).  If the text is unambiguous, it must "'be given a realistic interpretation based on the plain, everyday meaning conveyed by the words,' and the contractual language should be 'read in the context of the document as a whole.'  The words in a contract 'are the best possible evidence of the intent and meaning of the contracting parties.'  'When contractual language is clear and unambiguous, courts cannot indulge in construction or interpretation of its plain meaning' and impose on the contractual parties 'rights and duties' that the parties elected to omit." *Woodward v. Morell*, 319 So. 3d 47, 54 (Fla. Dist. Ct. App. 2021) (citations omitted).

Here, the plain language of Paragraph 12 is unambiguous.  It is a permissive forum selection clause.  It says that Plaintiff can (but does not have to) sue Defendant in Palm Beach Circuit Court. Nothing more. Paragraph 12 does not contain language mandating litigation only in Palm Beach Circuit Court nor prohibiting litigation elsewhere.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the Motion to Remand be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file

objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 10th day of February 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE